```
Jason A. Geller (CA SBN 168149)
jgeller@fisherphillips.com
Juan C. Araneda (CA SBN 213041)
jaraneda@fisherphillips.com
FISHER & PHILLIPS LLP
One Embarcadero Center, Suite 2050
San Francisco, CA  94111
Telephone: (415) 490-9000
Facsimile:  (415) 490-9001
```

Attorneys for Defendant
WAL-MART ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONEE RENEE NORIEGA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>Wal-Mart Associates, Inc., a Delaware corporation; and DOES 1 through 10,<br><br>　　　　　　Defendants. | Case No.:<br><br>[*Removed from Alameda County Superior Court, Case No. RG21099613*]<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 and 1446 (DIVERSITY JURISDICTION)**<br><br>Complaint Filed: May 20, 2021<br>Trial Date: None |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. sections 1332, 1441 and 1446, Defendant WAL-MART ASSOCIATES, INC., by and through its attorneys of record, hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of Alameda, to the United States District Court for the Northern District of California, on the following grounds:

## BASIS FOR REMOVAL - DIVERSITY OF CITIZENSHIP

1. On May 20, 2021, Plaintiff Yvonne Renee Noriega filed a Complaint in the Superior Court of the State of California in and for the County of Alameda styled *Yvonee Renee Noriega v. Wal- Mart Associates, Inc., et al.,* Case No. RG21099613.

///

2.   Removal of a case to federal court is governed in part by 28 U.S.C section 1441, which generally allows removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

3.   Pursuant to 28 U.S.C. section 1332, the United States District Court for the Northern District of California has original jurisdiction over the parties and the subject matter of this action because it is an action arising in Alameda County, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and it is an action between citizens of different states. 28 U.S.C. §§ 1332(a), 1441. *See also* L.R. 3-2(d).

4.   A copy of Plaintiff's Summons, Complaint and Civil Case Cover Sheet, filed by her in the Superior Court of the State of California, County of Alameda, is attached hereto as Exhibit 1. A copy of the Answer to the Complaint filed by Defendant on June 23, 2021, is attached hereto as Exhibit 2. Defendant is informed and believes that the documents provided in Exhibits 1 and 2 hereto constitute the operative pleadings in the state court case file in this matter.

5.   Wal-Mart Associates, Inc., is a Delaware corporation, with its principal place of business in Arkansas. (Declaration of Juan C. Araneda ("Araneda Decl."), ¶2, Exh. A; Complaint at ¶18.) Wal-Mart Associates, Inc., maintains its executive office in Arkansas, and the management of Wal-Mart Associates, Inc.'s operations and finances is performed in Arkansas. (Araneda Decl. Exh. A.)

6.   The defendants designated Does 1 through 10 in Plaintiff's Complaint are fictitious defendants and have not been served to Defendant's knowledge. (*See* Complaint, ¶19.) Un-served defendants need not join in the notice of removal. *See Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). Additionally, the citizenship of fictitious defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1).

7.   Plaintiff is a citizen of California. (Complaint, ¶¶15, 17.) Accordingly, this action is between citizens of different states, specifically California and Arkansas. This complete diversity of citizenship existed at the time Plaintiff filed her Complaint and it exists at the time of this removal.

8. As required by 28 U.S.C. section 1446(b), this petition is filed within thirty (30) days after Defendant was served with the Summons and Complaint. Specifically, on May 25, 2021, Plaintiff served her Complaint upon Defendant's agent for service of process (CT Corporation) in California. (Araneda Decl., ¶3, Exh. B.)

**AMOUNT IN CONTROVERSY**

9. Plaintiff alleges claims for damages that exceed $75,000. As discussed further below, Plaintiff's Complaint seeks unspecified amounts of general and special damages. (Complaint, ¶¶31, 36, and Prayer for Relief.)

10. In cases where the state court Complaint is silent or unclear as to the amount of damages sought by the plaintiff, a defendant must establish that the amount in controversy exceeds $75,000. *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 376 (9th Cir. 1997); *Gaus v. Miles, Inc.,* 980 F.2d 564, 566-67 (9th Cir. 1992). The "amount in controversy" requirement is satisfied by setting forth, in the removal petition, underlying facts supporting defendant's assertion that the amount in controversy exceeds $75,000. *Richmond v. Allstate Ins. Co.,* 897 F. Supp. 447, 450 (S.D. Cal. 1995).

11. In determining the amount in controversy for purposes of assessing the propriety of a removal, a Court must assume that the allegations in the Complaint are true and must assume that a jury will return a verdict for the plaintiff on all claims made in the Complaint. *See, White v. FCI USA, Inc.,* 319 F.3d 672, 674-76 (5th Cir. 2003). As set forth below, even a low estimate of what Plaintiff could recover if the jury ruled for her on all of her claims in the Complaint would unavoidably result in an overall recovery that would exceed $75,000.

12. Among the damages sought in Plaintiff's Complaint are damages for claims under the California Fair Employment and Housing Act ("FEHA") (i.e., age discrimination), as well as claims for wrongful termination in violation of public policy. If Plaintiff is successful on these claims, Plaintiff will be entitled to recover lost past and future earnings and related employee benefits. *See, Commodore Home Systems, Inc. v. Superior Court*, 21 Cal.3d 211, 221 (1982); *Parker v. Twentieth Century-Fox Film Corp.*, 3 Cal.3d 176, 181 (1970).

/ / /

1    13.    Among the damages sought in Plaintiff's Complaint are claims for economic damages. Plaintiff alleges that her employment was terminated on September 14, 2020. (Complaint ¶1.) At the time of her termination of employment, Plaintiff's regular hourly earnings rate was $26.58. (Araneda Decl., ¶4, Exh. C.) Thus, a very conservative estimate of Plaintiff's alleged backpay wage loss alone, not taking into account alleged lost benefits, at the time of removal is $42,528.00 ($26.58 per hour x 40 hours per week x 40 weeks since termination). Of course, this amount would continue to increase through the time of judgment.

14.    Emotional distress damages are also considered in determining the amount in controversy. *See Kroske v. U.S. Bank Corp.* 432 F.3d 976, 980 (9th Cir. 2015). Assuming, as one must, that a jury found Defendant to have discriminated against Plaintiff on the basis of her age, then a six-figure award of emotional distress damages seems unavoidable. Experience and common sense dictate that even the most conservative jury, could not possibly find for Plaintiff on all of those claims and yet fail to award her at least $25,000 in emotional distress damages. As the Ninth Circuit in *Kroske* reasoned, emotional distress damages "would add at least an additional $25,000" to a plaintiff's claim. *Kroske*, at 980.

15.    Attorneys' fees (future and accrued) are also properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity. *See Fritsch v. Swift Transp. Co. of Arizona, LLC,* 899 F.3d 785, 794 (9th Cir. 2018); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in the amount in controversy, regardless of whether such an award is discretionary or mandatory). If Plaintiff prevails on her causes of action under the FEHA, then the law is clear that she will be awarded her reasonable attorneys' fees. Even if Plaintiff's counsel is extremely efficient, it would defy belief that her attorneys would incur less than $40,000 if they litigated this case through pleadings, discovery, motions, pre-trial and trial. Indeed, in *Ponce v. Med. Eyeglass Ctr., Inc.*, No. 215CV04035CASJEMX, 2015 WL 4554336, at *3 (C.D. Cal. July 27, 2015), for example, the court recognized that rates for attorneys may range between $425.00 to $725.00 per hour and that estimates of the number of hours expended through trial for employment cases have ranged

1  from 100 to 300 hours. Assuming a conservative rate of only $400.00, even if only 100 hours are
2  spent on a case, attorneys' fees alone would total approximately $40,000. *Id.*

3  16. With respect to Plaintiff's request for punitive damages, federal courts have noted
4  that most punitive damage verdicts against larger corporations are substantial. *Richmond, supra,*
5  897 F. Supp. at 450-51; *see also Aucina v. Amoco Oil Co.* 871 F.Supp.332, 334 (S.D. Iowa 1994)
6  (concluding in a discrimination and wrongful termination case that the purpose of punitive
7  damages is to capture the defendant's attention and to deter others from similar conduct and, thus,
8  the plaintiff's claim for punitive damages could alone exceed the jurisdictional minimum). When
9  one assumes, as is mandated in this analysis, that Plaintiff will prevail on all of her causes of action,
10 and that the jury would award her punitive damages, it is hard to imagine that punitive damages
11 would be less than $75,000.

12 17. Based upon the foregoing, it is respectfully submitted that the amount in
13 controversy exceeds $75,000, and that this action is properly removed to this Court.

**VENUE**

15 18. This action is now pending in Superior Court of the State of California, County of
16 Alameda, and thus may be properly removed to the United States District Court for the Northern
17 District of California, pursuant to 28 U.S.C. section 1441(a). *See also* L.R. 3-2(d).

18 19. Promptly after filing of this Notice of Removal, Defendant will file in the Superior
19 Court of the State of California, County of Alameda, its Notice of Filing of Notice of Removal,
20 with a copy of this Notice of Removal attached thereto. A copy of Defendant's Notice of Filing
21 of Notice of Removal is attached hereto as Exhibit 3. Further, Defendant has served upon Plaintiff
22 a copy of this Notice of Removal and will promptly serve upon Plaintiff a copy of Defendant's
23 Notice of Filing of Notice of Removal.

24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## INTRA-DISTRICT ASSIGNMENT

20. Pursuant to 28 U.S.C. section 1391(a)(2), venue is proper in the United States District Court for the Northern District of California, sitting in either San Francisco or Oakland, because a substantial part of the alleged events giving rise to the claims in this lawsuit occurred in the County of Alameda, and this is an action arising in Alameda County. *See* L.R. 3-2(d).

21. This Notice of Removal of Action is executed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

DATED: June 24, 2021                                         FISHER & PHILLIPS LLP


By: */s/ Juan C. Araneda*
    Jason A. Geller
    Juan C. Araneda
    Attorneys for Defendant
    WAL-MART ASSOCIATES, INC.