# EXHIBIT 1

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
Wal-Mart Associates, Inc.

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTA DEMANDANDO EL DEMANDANTE):**
Renee Noriega

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
FILED
ALAMEDA COUNTY

MAY 2 0 2021

CLERK OF THE SUPERIOR COURT

E. Gallagher

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Oakland - René C. Davidson Courthouse 1225 Fallon Street Oakland, California 94612 | **CASE NUMBER:** *(Número del Caso):* RG21099061 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shawn C. Westrick, 2219 Main St., Ste. 463, Santa Monica, CA 90405

| DATE: May 19, 2021 MAY 2 0 2021 *(Fecha)* | Clerk, by E. Gallagher *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [x] on behalf of *(specify):* Wal-Mart Associates, Inc., a Delaware corporation
   under: [x] CCP 416.10 (corporation)  [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

1  Shawn C. Westrick (SBN No. 235313)
   The Westrick Law Firm, P.C.
2  2219 Main St., Ste. 463
   Santa Monica, California 90405
3  Telephone: (310) 746-5303
   Facsimile: (310) 943-3373
4
   Attorneys for Plaintiff
5

6

7                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                              **COUNTY OF ALAMEDA**

9   YVONEE RENEE NORIEGA, individually,        Case Number:
    and on behalf of other members of the general
10  public similarly situated,                 COMPLAINT   RG21099613

11              Plaintiffs,                      1)  Wrongful Termination Under FEHA
                                                 2)  Wrongful Termination In Violation of
12          vs.                                      Public Policy
                                                 Jury Trial Demanded
13  Wal-Mart Associates, Inc., a Delaware
14  corporation; and DOES 1 through 10,
    inclusive,
15
                Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28

ENDORSED
FILED
ALAMEDA COUNTY

MAY 20 2021

CLERK OF THE SUPERIOR COURT

E. Gallagher

Filed By Fax

COMPLAINT

Plaintiff, Yvonne Renee Noriega ("Plaintiff" or "Noriega"), by and through counsel, alleges as follows against Defendant, Wal-Mart Associates, Inc. ("Wal-Mart" or "Defendant"):

## NATURE OF THE ACTION

1.     On or about September 14, 2020, Wal-Mart summarily terminated Plaintiff on the pretextual reason that she violated store policy.

2.     Plaintiff was employed as a Claims Supervisor.  This position is responsible for assisting in the operation of a department.  An individual in this position will be expected to perform additional job-related responsibilities and duties throughout a Wal-Mart location as assigned and/or as necessary.

3.     Amongst Claims Supervisor's duties, a Claims Supervisor is expected to maintain the claims and hazardous waste storage area in accordance with company policies and procedures by properly handling claims and returns; zoning the area; arranging and organizing merchandise/supplies; identifying shrink and damages; and ensuring a safe work environment. A Claims Supervisor receives, and stocks supplies from distribution centers and vendors throughout the facility and organizes and maintains area of responsibility by following company procedures, utilizing equipment appropriately and completing and retaining required paperwork, logs, and other documentation.

4.     Along with the regular duties as listed in the "Job Description" document as provided by Defendants, on Mondays Plaintiff would come in to work at 5:00 am and go straight to the "Clearance Aisle".  At the clearance Aisle Plaintiff would "Zone" and make sure that everything was priced correctly.  This task was expected to be completed by 8:00 am, no later than 9:00 am, when my supervisors did their "tour".

5.     By Wednesday, Plaintiff would be able to go in and Zone then CVP (Customer Value Program) items that needed to be reviewed.  Plaintiff would make sure that she was able to have CVP done by 9:00 am every day.

6.     CVP was the process of marking down items that had possible damage to the packaging and/or were returned.

1    7.    Then Plaintiff would go do and work on her regular tasks/duties.  Plaintiff would

2    audit the returned items, scan Recalls, and some days try to return Overstock.  Plaintiff's

3    department was also in charge of donations.  On Wednesdays, the truck would come and pick up

4    all pallets of claims and returned items.  So, Plaintiff would always have to have these pallets

5    ready by 7:00 am on Wednesdays.

6    8.    The expectation of marking down items at Plaintiff's store was incredibly high and

7    Plaintiff was under pressure to meet management's expectations of the number of items marked

8    down.

9    9.    In late 2020, Plaintiff was accused of violating the CVP and summarily terminated.

10   10.   Upon information and belief, Plaintiff does not believe that she violated the CVP

11   program, and in any event, violating the CVP is not grounds for dismissal by Wal-Mart and rather

12   is treated as a coachable offense.

13   11.   Upon information and belief, Plaintiff believes that she was terminated for her age.

14   As Plaintiff was one of the highest paid hourly employees at her store due to her tenure, she

15   believes that the violation of the CVP policy was pretextual and instead was based on the

16   discriminatory basis of her age.

17   12.   Upon information and belief, Plaintiff believes that documents and witnesses will

18   attest that she was an outstanding employee and was terminated for being older than other

19   employees.

20   13.   Attached as Exhibit A are Plaintiffs Right to Sue letters.

21   **JURISDICTION AND VENUE**

22   14.   Jurisdiction in the courts of the State of California is proper pursuant to Section

23   410.10 of the California Code of Civil Procedure.

24   15.   Venue for this action in the County of Alameda is proper pursuant to

25   Sections 395 and 395.5 of the California Code of Civil Procedure.  Plaintiff worked in the County

26   of Alameda, the breach occurred in the County of Alameda, the discrimination and illegal conduct

27   took place in the County of Alameda, and Plaintiff resides in the County of Alameda.

28

1    16.    Plaintiff Noriega has suffered damages well in excess of $25,000.00, the

2 jurisdictional minimum of this Court.

3                                          **PARTIES**

4    17.    Plaintiff is a resident of Alameda in the State of California.

5    18.    Defendant was and is, upon information and belief, a Delaware corporation doing

6 business in California, and at all times hereinafter mentioned, an employer whose employees are

7 engaged throughout this county, the State of California, and/or the various states of the United

8 States of America.

9    19.    Plaintiff is unaware of the true names or capacities of the Defendant sued herein

10 under the fictitious names DOES 1-10 but prays for leave to amend and serve such fictitiously

11 named Defendants pursuant to California Code of Civil Procedure § 474 once their names and

12 capacities become known.

13   20.    Plaintiff is informed and believes, and thereon alleges, that DOES 1-10 are the

14 partners, agents, owners, shareholders, managers or employees of Defendant, and were acting on

15 behalf of Defendant.

16   21.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts

17 and omissions alleged herein was performed by, or is attributable to, Defendant and DOES 1-10

18 (collectively, "Defendant"), each acting as the agent for the other, with legal authority to act on the

19 other's behalf.  The acts of any and all Defendants were in accordance with, and represent the

20 official policy of, Defendants.

21   22.    At all times herein mentioned, Defendants, and each of them, ratified each and

22 every act or omission complained of herein.  At all times herein mentioned, Defendants, and each

23 of them, aided and abetted the acts and omissions of each and all the other Defendants in

24 proximately causing the damages herein alleged.

25   23.    Plaintiff is informed and believes, and thereon alleges, that each of said Defendants

26 is in some manner intentionally, negligently or otherwise responsible for the acts, omissions,

27 occurrences and transactions alleged herein.

28

1
## FIRST CAUSE OF ACTION

2
(Against Defendants and Does 1 through 10 for Age

3
Discrimination)

4       24.    Paragraphs 1-24 above are incorporated by reference herein as though fully set

5   forth.

6       25.    Wal-Mart is an employer. Noriega was an employee of Wal-Mart until Wal-Mart

7   terminated Noriega's employment.

8       26.    Noriega was over 60 years old at the time of the termination by Wal-Mart.

9       27.    At the time of her termination, as throughout her career, Noriega performed not

10  only at a satisfactory level but indeed she consistently provided extraordinary services for Wal-

11  Mart.

12      28.    Noriega's age was a substantial motivating reason for Wal-Mart's decision to

13  terminate Noriega, whom upon information and belief Wal-Mart replaced with younger employees

14  receiving less money per hour than Plaintiff.

15      29.    Noriega has suffered harm in an amount to be proven at trial.

16      30.    Wal-Mart's conduct was a substantial factor in causing Noriega's harm because if

17  Wal-Mart had not abruptly, baselessly, and illegally terminated Noriega, she would still be

18  employed by Wal-Mart.

19      31.    Wal-Mart accordingly knew and intended to cause economic, reputational, and

20  occupational harm to Noriega, or acted with a willful and conscious disregard of the rights of

21  Noriega.

22
## SECOND CAUSE OF ACTION

23
(Against Defendants and Does 1 through 10 for Wrongful Discharge in Violation of Public Policy)

24      32.    Paragraphs 1-31 above are incorporated by reference herein as though fully set

25  forth.

26      33.    Noriega was employed by Wal-Mart, and Wal-Mart discharged Noriega.

27

28

34.    Wal-Mart's violation of public policy, including but not limited to Wal-Mart's discrimination against Noriega based upon her age and Wal-Mart's harassment against Noriega for her age, were substantial motivating reasons for Noriega's discharge.

35.    Noriega has suffered harm in an amount to be proven at trial as a result of her discharge.

36.    Wal-Mart acted with oppression, fraud, or malice based upon Wal-Mart's inappropriate and illegal motives in terminating Noriega. Wal-Mart accordingly knew and intended to cause economic, reputational, and occupational harm to Noriega, or acted with a willful and conscious disregard of the rights of Noriega.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.  For a finding that Defendant discriminated against Plaintiff on the basis of age;
2.  For a finding that Defendant wrongfully discharged Plaintiff in violation of public policy;
3.  For general and special damages in an amount to be determined at trial, including interest;
4.  For reasonable attorneys' fees and costs of the suit as may be properly recoverable; and
5.  For such relief as the Court may deem just and proper.

DATED:  May 19, 2021                    Respectfully submitted

                                        THE WESTRICK LAW FIRM, P.C.


                                        By/s/ Shawn C. Westrick
                                        SHAWN C. WESTRICK
                                        Attorneys for Plaintiff

**ATTACHMENT A**



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

April 7, 2021

Shawn Westrick
2219 Main St., Ste. 463
Santa Monica, California 90405

RE:    **Notice to Complainant's Attorney**
       DFEH Matter Number: 202104-13167407
       Right to Sue: Noriega / Wal-Mart Associates, Inc.

Dear Shawn Westrick:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                      KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

April 7, 2021

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202104-13167407
      Right to Sue: Noriega / Wal-Mart Associates, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21,
a small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue.
If mediation is requested, the employee is prohibited from filing a civil action until
mediation is complete. The employee's statute of limitations to file a civil action,
including for all related claims not arising under section 12945.2, is tolled from DFEH's
receipt of a mediation request under section 12945.21 until mediation is complete.  To
request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                             KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

April 7, 2021

Yvonne Noriega
c/o Westrick Law Firm 2219 Main St., Ste. 463
Santa Monica, California 90405

RE:    **Notice of Case Closure and Right to Sue**
       DFEH Matter Number: 202104-13167407
       Right to Sue: Noriega / Wal-Mart Associates, Inc.

Dear Yvonne Noriega:

This letter informs you that the above-referenced complaint filed with the Department of
Fair Employment and Housing (DFEH) has been closed effective April 7, 2021 because
an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21, a
small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure
and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil
action until mediation is complete. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled from
DFEH's receipt of a mediation request under section 12945.21 until mediation is
complete.  To request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

Department of Fair Employment and Housing

1
2
3

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

4

**In the Matter of the Complaint of**

5    Yvonne Noriega                                              DFEH No. 202104-13167407

6                                      Complainant,

7    vs.

8    Wal-Mart Associates, Inc.
     c/o CT Corp 818 Seventh St., Ste. 930
9    Los Angeles, California 90017

10                                     Respondents

11   _____

12
13   **1. Respondent Wal-Mart Associates, Inc.** is an **employer Wal-Mart Associates, Inc.** subject
     to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et
14   seq.).

15
16   **2.** Complainant **Yvonne Noriega**, resides in the City of **Santa Monica**, State of **California**.

17   **3.** Complainant alleges that on or about **September 14, 2020**, respondent took the
     following adverse actions:
18

19   **Complainant was harassed** because of complainant's age (40 and over).

20   **Complainant was discriminated against** because of complainant's age (40 and over) and
     as a result of the discrimination was terminated.
21
     **Additional Complaint Details:** Ms. Noriega was terminated due to her age.  A sham
22   complaint was concocted as pretextual reason for her dismissal.

23
24
25
26
                                            -1-
27                             *Complaint – DFEH No. 202104-13167407*

28   Date Filed: April 7, 2021

1 | VERIFICATION

2 | I, **Shawn C. Westrick**, am the **Attorney** in the above-entitled complaint.  I have read
3 | the foregoing complaint and know the contents thereof.  The matters alleged are
 | based on information and belief, which I believe to be true.

4
5 | On April 7, 2021, I declare under penalty of perjury under the laws of the State of
 | California that the foregoing is true and correct.

6 | **Los Angeles, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27 | -2-
 | *Complaint – DFEH No. 202104-13167407*

28 | Date Filed: April 7, 2021

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Shawn C. Westrick (SBN 235313)
Westrick Law Firm
2219 Main St., Ste. 463, Santa Monica, CA 90405

TELEPHONE NO.: 310.748.5303   FAX NO. (Optional):
ATTORNEY FOR (Name): Plaintiff

ENDORSED
FILED
ALAMEDA COUNTY

MAY 20 2021

CLERK OF THE SUPERIOR COURT

E. Gallagher

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, California 94812
BRANCH NAME: Oakland - Rene C. Davidson Courthouse

CASE NAME:
Noriega v. Wal-Mart

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000) | [ ] Counter | [ ] Joinder | RG21099613 |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [X] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify):
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: May 19, 2021

Shawn C. Westrick
_____
(TYPE OR PRINT NAME)

▶ Shawn C. Westrick
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

*Unified Rules of the Superior Court of California, County of Alameda*

F. ADDENDUM TO CIVIL CASE COVER SHEET

| Short Title:<br>Noriega v. Wal-Mart | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE**
**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[X] Oakland, Rene C. Davidson Alameda County Courthouse (446)

[ ] Hayward Hall of Justice (447)
[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | | | Is this an uninsured motorist case?  [ ] yes  [ ] no |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [X] | 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial   **Is the deft. In possession** |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential   **of the property?** |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs   **[ ] Yes   [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)

A-13